**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **LOUISE BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 4:24-cv-04098** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROGER'S BAKERY,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Louise Barnes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Roger's Bakery ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA"), and the Illinois Human Rights Act (775 ILCS5/) ("IHRA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADEA.

2.  This lawsuit further arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and IHRA, seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

1

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. and 42 U.S.C. § 12101 *et seq*.

4.      Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      Counts V, VI, and VII have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

7.      A charge of employment discrimination on basis of age, disability, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

9.      Plaintiff received a Notice of Dismissal from the Illinois Department of Human rights ("IDHR") (attached hereto as Exhibit "C").

10.     This Complaint has been filed within ninety (90) days of receipt of the IDHR's Notice of Dismissal.

## PARTIES

11.     At all times material to the allegations in this Complaint, Plaintiff, Louise Barnes, resides in Fulton County in the State of Illinois.

12.     At all times material to the allegations in this Complaint, Defendant, Roger's Bakery, is an entity doing business in and for Schuyler County whose address is 231 North Liberty Street, Rushville, IL 62681.

13.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

14.     During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

15.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

16.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

17.      Plaintiff worked for Defendant as a Baker from in or around April 2022 through on or about December 21, 2023.

18.     Plaintiff was unlawfully constructively terminated the basis of her age and disability, and in retaliation for engaging in protected activity.

19.     As a Baker, Plaintiff had a wide range of responsibilities including, but not limited to, baking pies and donuts, filling the pastry case, cooking lunches, and assisting with and

completing customer sales.

20.    Since at least October 2023 through December 14, 2023, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes violating the ADEA and ADA.

21.    Plaintiff is 68 years old and is a member of a protected class because of Plaintiff's age.

22.    Plaintiff also suffers from a physical impairment, specifically hernias, which substantially limits her major life activities by causing severe pain that affects her daily life activities of lifting, bending, twisting, and pulling or manipulating objects.

23.    Despite this disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

24.    Plaintiff has suffered from this disability since at least October 2023, when she was formally diagnosed.

25.    Further, Defendant perceived Plaintiff as disabled.

26.    Plaintiff is a "qualified individual" as defined under the ADA.

27.    Plaintiff met or exceeded Defendant's performance expectations during the entire duration of Plaintiff's employment, as she never received a write up nor a negative performance remark.

28.    In or around October 2023, Plaintiff informed Defendant that she needed to undergo surgery to treat her disability.

29.    Plaintiff offered to do her surgery while the bakery was closed in December so as not to disturb the business.

30.    Instead of engaging in the interactive process to determine what reasonable

4

accommodations were necessary or would allow Plaintiff to undergo surgery, Defendant callously undermined Plaintiff and the severity of her disability, stating that her condition was "something everyone [had] to deal with."

31.     Soon thereafter, Plaintiff also began experiencing discrimination based on her age.

32.     Throughout this period, comments from her boss, Roger (LNU), about her age, comments insinuating she was of poor health or had a perceived disability, and comments such as "you're getting older" and "you know you're 68," became unfortunately commonplace.

33.     This clear age and disability-based discrimination made Plaintiff feel that her boss thought she could no longer do her job, despite her years of experience.

34.     On or about December 20, 2023, management told Plaintiff that she would not be needed on Friday, December 22, 2023, and should "stay home and rest."

35.     Plaintiff objected to this, and told Roger that she was perfectly capable of working and did not need the day off.

36.     Nevertheless, Roger insisted that she needed to take the day off "to rest."

37.     Younger, similarly situated Baker's outside of Plaintiff's protected class did not have their days taken away or hours reduced.

38.     On or about December 21, 2023, Roger once again began making comments about Plaintiff's age and perceived disability, stating that she should not be working and needed to rest.

39.     Because these comments were not stopping and had become too frequent, Plaintiff directly opposed them and stood up for herself, thereby engaging in protected activity.

40.     Plaintiff stressed to Roger that her doctor told her she was able to work and asked him to stop insinuating that she could not.

41.     Roger disregarded Plaintiff's complaints, and replied, "Well you almost had a

stroke several months ago, and you can endanger the employees and put them at risk."

42.    This was objectively false, as Plaintiff had not almost suffered a stroke.

43.    Nevertheless, Roger was perceiving Plaintiff as disabled and treating her as if she could not work.

44.    During this conversation, Plaintiff realized that Roger was not going to take action to cease the age and disability-based discrimination.

45.    Plaintiff further realized that there was no one else to elevate her complaints to, as Roger was the manager and owner of the business.

46.    The environment had become so unbearable that no reasonable person could continue working in these conditions.

47.    Therefore, Plaintiff had no choice but to face a constructive discharge on or about December 21, 2023.

48.    Plaintiff was retaliated against, and Plaintiff's employment was ultimately constructively terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

49.    Plaintiff is still dealing with the mental anguish associated with these events to this day.

50.    Plaintiff can show that she engaged in statutorily protected activity –a necessary component of Plaintiff's retaliation claims- because Plaintiff opposed the discrimination when it occurred.

51.    Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively terminated.

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

52.      Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

53.      By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

54.      Plaintiff was routinely subjected to discriminatory comments on the basis of her age.

55.      Plaintiff met or exceeded performance expectations.

56.      Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57.      Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's age.

58.      Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age (68).

59.      Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60.      As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Age Discrimination in Employment Act
### (Retaliation)

61.      Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

62.      Plaintiff is a member of a protected class under the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

63.    During Plaintiff's employment with Defendant, Plaintiff reasonably opposed conduct that constituted age-based discrimination.

64.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

65.    In response to Plaintiff's opposition, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of age discrimination.

66.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct opposed by Plaintiff.

67.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically constructive discharge.

68.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff opposing the age-based discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

69.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

70.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

71.    Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

72.    By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's disability and/or perceived disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

73.     Plaintiff met or exceeded performance expectations throughout her employment with Defendant.

74.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

75.     Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's disability and/or perceived disability.

76.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

77.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability and/or perceived disability.

78.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
## Violation of the Americans with Disabilities Act
## (Retaliation)

80.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

81.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

82.     During Plaintiff's employment with Defendant, Plaintiff opposed disability-based discrimination.

9

83.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

84.     In response to Plaintiff's opposition to the well-known and daily observed discrimination, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based discrimination.

85.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

86.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff opposing disability-based discrimination, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

87.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically constructive discharge.

88.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

89.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of the Illinois Human Rights Act, 775 ILCS5/
### (Age-Based Discrimination)

90.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

91.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Illinois Human Rights Act, 775 ILCS5/.

10

92.     Plaintiff met or exceeded performance expectations, as she never received a write-up or negative performance remark.

93.     Plaintiff is a member of a protected class under the IHRA, due to her age (68).

94.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

95.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

96.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")**
**(Disability-Based Discrimination)**

97.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

98.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability and/or perceived disability, in violation of the Illinois Human Rights Act, 775 ILCS5/.

99.     Plaintiff met or exceeded performance expectations, as she never received a write-up or negative performance remark.

100.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

101.    Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's disability and/or perceived disability.

102.    Defendant constructively terminated Plaintiff on the basis of Plaintiff's disability.

103.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

104.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT VII
**Violation of Illinois Human Rights Act, 775 ILCS5/**
**(Retaliation)**

105.    Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

106.    Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/ due to her age and disability.

107.    During Plaintiff's employment with Defendant, Plaintiff reasonably opposed conduct that constituted age-based and disability-based discrimination.

108.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the IHRA.

109.    In response to Plaintiff's opposition, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of discrimination.

110.    Defendant also failed to cease the discriminatory conduct complained of by Plaintiff.

111.    Defendant then constructively terminated Plaintiff in retaliation for engaging in protected activity.

112.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff opposing discrimination, thereby violating the IHRA.

113.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, constructive termination.

114.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

115.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Reasonable attorneys' fees and costs;

g.    Award pre-judgment interest if applicable; and

h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of May, 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*